**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 06-113 (JRT/SRN) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| DEMETRIUS CARVON HARRIS, | |
| Defendant. | |

Kimberly A. Svendsen, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN  55415, for plaintiff.

Demetrius Carvon Harris, Reg. No. 12774-041, FCI Safford, Post Office Box 9000, Safford, AZ  85548, pro se defendant.

On March 15, 2007, Defendant Demetrius Harris pled guilty to two counts: conspiracy to possess with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, as well as possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).  On August 6, 2007, the Court sentenced Harris to 180 months of imprisonment – the minimum sentence required by the applicable statutes at the time – followed by five years of supervised release.[1]  Harris moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

---

[1] In 2006, the statutory minimum for possession with intent to distribute fifty grams or more of cocaine base was 120 months.  21 U.S.C. § 841(b)(1)(A) (2006).  The Fair Sentencing

(Footnote continued on next page.)

Section 2255 permits a prisoner to move the court that sentenced him to "vacate, set aside or correct the sentence" on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

Harris argues that *Johnson v. United States*, 135 S. Ct. 2551 (2015), provides a basis for this court to correct his sentence. In *Johnson*, the Supreme Court considered the "residual clause" in the definition of "violent felony" in the Armed Career Criminal Act, which defined a violent felony to include a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court held the residual clause was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557-58 (interpreting § 924(e)(2)(B)(ii)).

In Harris's case, the Court imposed a 120-month mandatory sentence under § 841(b)(1)(A) and a consecutive 60-month mandatory minimum sentence under

---

(Footnote continued.)

Act of 2010 altered the mandatory minimum penalties for cocaine base offenses, but the Court denied a previous motion to reduce Harris's sentence because the Fair Sentencing Act's more lenient penalties are not retroactive. (Mem. Op. & Order, Feb. 24, 2012, Docket No. 62.)

§ 924(c)(1)(A). Section 924(c)(1)(A) increases penalties for two types of crimes when the defendant possessed a firearm at the time of the offense: "drug trafficking crimes" and "crimes of violence." In *Johnson*, the Supreme Court dealt with the definition of "violent felony" under § 924(e)(2), but Harris's sentence was based not on a "violent felony" or even a "crime of violence,"[2] but rather, on a drug trafficking crime. Therefore, *Johnson* did not disturb the validity of any statute upon which Harris's sentence rests. Because *Johnson* does not entitle Harris to any relief under § 2255, his motion will be denied.

The Court notes that on December 19, 2016, President Barack Obama issued an Executive Grant of Clemency for Harris commuting his term of imprisonment to expire on June 17, 2017, after which he will serve his five-year term of supervised release with the conditions ordered by the Court.

### Certificate of Appealability

The Court may grant a Certificate of Appealability only where the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The movant must show that "the issues are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For purposes of appeal under 28 U.S.C. § 2253,

---

[2] The Eighth Circuit recently held that *Johnson*'s holding does not apply to the definition of "crime of violence" in § 924(c). *United States v. Prickett*, 839 F.3d 697 (8th Cir. 2016).

the Court finds that Harris has not shown that reasonable jurists would find the issues raised in Harris's § 2255 motion debatable, that some other court would resolve the issues differently, or that the issues deserve further proceedings.  The Court therefore declines to grant a Certificate of Appealability in this case.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Demetrius Carvon Harris's Motion for to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Docket No. 67] is **DENIED**.

2. Harris's Motion to Appoint Counsel [Docket No. 66] is **DENIED as moot**.

3. For the purpose of appeal, the Court does not grant a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  January 3, 2017  
at Minneapolis, Minnesota.

                                          _____John R. Tunheim_____  
                                          JOHN R. TUNHEIM  
                                              Chief Judge  
                                     United States District Court